UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Clarence B. Jenkins Jr., <br><br> PLAINTIFF <br><br> v. <br><br> South Carolina Department of Employment Workforce; South Carolina Department of Administration; South Carolina Office of Inspector General; South Carolina Human Affairs Commission; South Carolina Department of Public Safety; Richland County Government; South Carolina Secretary of State; Office of South Carolina Governor, <br><br> DEFENDANTS | Case No. 3:23-cv-3060-TLW <br><br><br> ORDER |

Plaintiff Clarence B. Jenkins Jr., proceeding pro se, filed this employment action against the above-named defendants, which are a host of South Carolina state agencies and the Governor's office (collectively, "Defendants"). ECF No. 1.[1] Plaintiff's action was referred to United States Magistrate Judge Paige J. Gossett for review pursuant to 28 U.S.C. § 636(b)(1)(B). This matter now comes before the Court on the magistrate judge's Report and Recommendation ("Report"), which recommends that the Court dismiss Plaintiff's complaint without prejudice and

---

[1] Jenkins has previously filed several actions against the named Defendants, along with other private and public entities. None of these actions have survived past summary judgment. *See Jenkins v. South Carolina Dept. of Employment Workforce*, No. 3:14-cv-04817-TLW-PJG (Apr. 17, 2015); *Jenkins v. South Carolina Human Affairs Commission*, No. 3:16-cv-03255-TLW-PJG (Sept. 12, 2017); *Jenkins v. United States*, No. 3:17-cv-01775-TLW-PJG (Jan. 31, 2016); *Jenkins v. Social Security Administration*, No. 0"19-cv-00003-TLW-PJG (July 17, 2020); *Jenkins v. South Carolina Department of Employment Workforce*, No. 3:21-cv-01606-TLW-PJG (Sept. 27, 2021); *Jenkins v. Amazon.Com DEDC, LLC*, No. 3:21-cv-03734-TLW-PJG (Jul7, 15, 2022).

without service of process. ECF No. 15. Plaintiff filed objections to the Report. It is therefore ripe for this Court's review.

The Report concludes that this Court should dismiss Plaintiff's complaint without prejudice and issuance of service of process. ECF No. 15. This recommendation is based on the magistrate judge's conclusion that Plaintiff's present action is duplicative of his 2021 lawsuit against many of the same defendants and based on the exact same facts. *Id.* at 2. Like his 2021 lawsuit, Plaintiff's complaint raises claims of race discrimination and retaliation action in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq. Id.*; *compare* ECF No. 1 *with* Complaint, ECF No. 1, *Jenkins v. SCDEV*, No. 3:21-cv-01606-TLW-PJG (May 28, 2021). The only distinction between Plaintiff's 2021 action and the present action is his new claim, made pursuant to 42 U.S.C. § 1983, that Defendants violated his rights under the Fourteenth Amendment. ECF No. 15 at 2.

The magistrate judge concludes that the present case is "frivolous because [it] is duplicative of Plaintiff's 2021 lawsuit." *Id.* at 3 (collecting cases on repetitious and frivolous litigation). She notes that "Plaintiff's Title VII claims are exactly the same as the claims he unsuccessfully litigated in the 2021 lawsuit." *Id.* at 3–4. The Report notes that, in that case, the magistrate judge authorized service of process on his claims but ultimately granted Defendant's motion to dismiss because Plaintiff's claims were barred for failure to file an EEOC charge of discrimination against Defendants and because he did not file a charge within

the time limits prescribed by statute. *Id.* at 2. Plaintiff appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the Court's judgment in Defendant's favor. *Id.* Here, the Report concludes that the claims are repetitious and therefore frivolous because "Plaintiff provides no new facts that would indicate that he is instead raising claims related to separate actions by the defendants that were not already litigated in the 2021 lawsuit." *Id.* at 3–4 (footnote omitted).

Regarding Plaintiff's new § 1983 claim, the magistrate judge recommends that it should similarly be dismissed without prejudice for three reasons. *Id.* at 4–5. First, she notes that "[t]his claim does not comply with the federal pleading standard because [Plaintiff] does not assert what relief he seeks or against whom, nor does he provide any factual allegations that would show that he is entitled to relief against the named defendants." *Id.* at 4. Additionally, his § 1983 claim "fails to even provide specific facts about each defendant." *Id.*

Second, the magistrate judge notes that Defendants are not subject to suit under § 1983. *Id.* This is because "most of the named defendants, as agencies, offices, and arms of the State of South Carolina, are not amenable to suit [for] damages pursuant to § 1983." *Id.* Finally, the magistrate judge finds that, because Plaintiff's claims arise out of incidents that happened most recently in 2015, the claims would be untimely under the relevant statute of limitations." *Id.* at 5. Hence, she concludes that these claims are subject to dismissal.

As noted, Plaintiff filed objections to the Report. ECF No. 17. His objections

assert that the Report is the product of judicial misconduct as evidenced by the Court's dismissal of his prior actions against these and other Defendants, which he asserts were the result of "unlawful dismissal by corruption." *Id.* at 1–2. Plaintiff has also filed a "motion to file evidence of record" in response to the Report, which includes a letter from Defendant South Carolina Human Affairs Commission purportedly stating that South Carolina agencies are considered "persons" by the State of South Carolina. ECF No. 20.

The Court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the objections, plaintiff's motion to file evidence of record, and the record from Plaintiff's 2021 action. Plaintiff's objections do not go to the substance of the Report but, instead, allege a conspiracy to deny him a ruling on the merits based on purported judicial misconduct. *Id.* They do not address the Report's conclusion that Plaintiff's complaint (1) action is duplicative of his 2021 lawsuit, and (2) that he cannot proceed on his § 1983 claim.

The Court has carefully reviewed its decisions in Plaintiff's other actions and concludes that their dismissals are not the result of judicial misconduct, but rather the result of careful analysis on the part of both the magistrate judge, the undersigned, and the Fourth Circuit. Plaintiff's allegation of a conspiracy based on judicial misconduct is neither a proper nor specific objection to the Report.

Regarding Plaintiff's assertion that South Carolina state agencies are "persons," the Court notes that the letter from the South Carolina Human Affairs Commission simply cites to the definition of the word "person" as defined in Title I, Chapter 13 of the Code of Laws of South Carolina. *See* S.C. Code Ann. § 1-13-30(d). This state statutory definition has no bearing on whether state agencies are "persons" subject to suit under the federal § 1983 statute. As repeatedly held by the Supreme Court of the United States, government entities that are considered "arms of the state" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983." *See generally Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70–71 (1989); *see also Jenkins v. S.C. Hum. Affs. Comm'n,* No. CV 3:16-3255-

TLW-PJG, 2017 WL 4023106, at *2 (D.S.C. Jan. 18, 2017), *report and recommendation adopted*, No. CV 3:16-3255-TLW, 2017 WL 4012454 (D.S.C. Sept. 12, 2017), *aff'd,* 704 F. App'x 248 (4th Cir. 2017) (concluding that the South Carolina Human Affairs Commission is not a "person" subject to suit under § 1983). Thus, the state agency Defendants here are not "persons" subject to suit within the meaning of § 1983.

After careful consideration, the Court concludes that Plaintiff's objections offer no showing, either factually or legally, that the complaint should not be dismissed for the reasons set forth by the magistrate judge. Therefore, the Report, ECF No. 15, is **ACCEPTED**, and the Plaintiff's objections, ECF No. 17, are **OVERRULED**. For the reasons stated in the Report, the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** and **WITHOUT SERVICE OF PROCESS**. To the extent necessary, Plaintiff's motion to file evidence of record, ECF No. 20, is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

July 31, 2023
Columbia, South Carolina